IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERONICA D. GIBBONS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-873-JJF |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security Administration, | : |
| Defendant. | : |

Michael J. Goodrick, Esquire of MICHAEL J. GOODRICK, P.A., Wilmington, Delaware.
Attorney for Plaintiff.


Colm F. Connolly, Esquire, United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.
<u>Of Counsel</u>:  David F. Chermol, Esquire, Special Assistant United States Attorney for the District of Delaware, and Donna L. Calvert, Esquire of the OFFICE OF THE GENERAL COUNSEL OF THE SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.
Attorneys for Defendant.

### **MEMORANDUM OPINION**

October 4, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is an appeal pursuant to 42 U.S.C. § 405(g) filed by Plaintiff, Veronica D. Gibbons, seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") determining that certain workers' compensation benefits Plaintiff received are subject to offset against her Title II disability insurance benefits pursuant to 42 U.S.C. § 424a. Plaintiff has filed a Motion For Summary Judgment (D.I. 7) requesting the Court to reverse the offset of Plaintiff's benefits. In response to Plaintiff's Motion, Defendant has filed a Cross-Motion For Summary Judgment (D.I. 12) requesting the Court to affirm the Commissioner's decision. For the reasons set forth below, Defendant's Cross-Motion For Summary Judgment has been granted, and Plaintiff's Motion For Summary Judgment has been denied. The decision of the Commissioner dated July 1, 2004 has been affirmed.

## BACKGROUND

### I. Procedural Background

Plaintiff was granted disability insurance benefits based on an application filed on May 31, 1995, as a result of severe disabling injuries sustained by Plaintiff in a work-related accident. On February 27, 2004, an administrative law judge ("ALJ") issued a decision in favor of Plaintiff, concluding that

1

certain workers' compensation benefits she had received were not subject to offset against her disability insurance benefits. (Tr. 16-19).

On its own motion, the Appeals Council notified Plaintiff that it was undertaking a review of the ALJ's favorable decision. On July 1, 2004, the Appeals Council issued a decision overturning the ALJ's decision and finding that the workers' compensation benefits at issue are subject to offset under 42 U.S.C. § 424a. Plaintiff has filed the instant action challenging the final decision of the Commissioner, which in this case is the decision of the Appeals Council, and requesting reinstatement of the ALJ's favorable decision.

## II. Factual Background

The factual background related to this action is undisputed. Plaintiff was severely injured in a slip and fall at her workplace in 1994. Plaintiff received disability insurance benefits based on her May 31, 1995 application.

As a result of her injuries, Plaintiff also received two lump sum worker's compensation benefit payments pursuant to 19 Del. C. § 2324. The first payment was made on November 19, 1997, in the amount of $21,775.63 due to a 90% impairment of Plaintiff's left lower leg. (Tr. 41-43). The second payment was made on November 4, 1999, in the amount of $44,952.50 due to disfigurement of the back and left lower leg. (Tr. 47-50).

These payments are the only ones that are at issue in this case.

## STANDARD OF REVIEW

Findings of fact made by the Commissioner of Social Security are conclusive, if they are supported by substantial evidence. Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). However, the Court's review of the Commissioner's interpretation and application of the law is plenary. Id. at 1190; see also Krysztoforski v. Chater, 55 F.3d 857, 859 (3d Cir. 1995).

## DISCUSSION

By her Motion, Plaintiff contends that the lump sum payments made to her on account of the loss of the use of her limb and the related disfigurement of her back and limb are not "periodic payments on account of total or partial disability" within the meaning of 42 U.S.C. § 424a. Plaintiff contends that under Delaware's workers' compensation laws, payments for specific loss injuries are separate and distinct from payments for loss of earning capacity. Plaintiff contends that the Commissioner's decision improperly focuses on how the amount paid to Plaintiff was calculated to conclude that the lump sum payments should be considered periodic payments on account of disability.

In response, Defendant contends that the Third Circuit's decision in Krysztoforski v. Chater, 55 F.3d at 860, establishes that the "specific loss" payments at issue in this case are

3

subject to offset under 42 U.S.C. § 424a. Defendant contends that the Third Circuit's approach is consistent with the decisions of other Courts of Appeals on this issue. Defendant also contends that the Commissioner's interpretation of Section 424a is supported by the Delaware Supreme Court's interpretation of Delaware's workers' compensation statutes, and that, in any event, the Commissioner's decision is entitled to deference.

Although the Court's review of the Commissioner's legal decisions is plenary, the Court may not impose its interpretation of the Social Security Act on the Commissioner. "Rather, because Congress has delegated to the Commissioner the responsibility for administering the complex programs, we must defer to her construction as long as it is reasonable and not arbitrary and capricious." Sanfilippo v. Barnhart, 325 F.3d 391, 393-396 (3d Cir. 2003). Accordingly, the Court must afford great deference to the Commissioner's interpretation of Section 424a. See Barnhart v. Walton, 535 U.S. 212, 219 (2002).

As a threshold matter, the determination of whether a workers' compensation award should be offset against social security benefits is a question of federal law. However, state law may provide guidance as to the nature of the workers' compensation payments in question. Krystoforski, 55 F.3d at 859. Plaintiff contends that the "specific loss" benefits paid to Plaintiff under 19 Del. C. § 2326 are not connected to her actual

4

wages, and therefore, they are not subject to offset. Plaintiff is correct that the compensation paid under Section 2326 is paid "regardless of the earning power of the injured employee after the injury." 19 Del. C. § 2326. However, the amount due is calculated for each body part based on a percentage of the wages earned during a certain number of weeks, and the Delaware Supreme Court has recognized that the statute reflects a presumption of loss of wages or earning capacity, even though it does not directly relate to such an actual loss. See e.g. Guy Johnston Construction v. Kennedy, 287 A.2d 658, 659 (Del. 1972); Burton Transportation Center, Inc. v. Willoughby, 265 A.2d 22, 24 (Del. 1970).

The Delaware statute at issue in this case is virtually identical to the Pennsylvania workers' compensation statute at issue in Krysztoforski. In Krysztoforski, the plaintiff's benefits arose from 77 P.S. § 513, which like 19 Del. C. § 2326, provides for specific loss benefits for each body part regardless of the plaintiff's actual loss of earning. The Third Circuit concluded that benefits received under 77 P.S. § 513 were subject to offset under Section 424a. In so concluding the Third Circuit recognized that by awarding benefits even when there is no actual earning loss, a presumption arises that there is disability associated with the specific loss. Thus, the Third Circuit concluded that benefits paid under 77 P.S. § 513 were disability

benefits for purposes of offset under Section 424a.

Although Krystoforski dealt with a specific Pennsylvania statute, the Court finds no reason to depart from its rationale given the similarities between the Delaware statute and the Pennsylvania statute. Further, courts considering this issue have uniformly concluded that specific loss workers' compensation benefits are subject to offset under Section 424a. See Olson v. Apfel, 170 F.3d 820 (8th Cir. 1999); Hodge v. Shalala, 27 F.3d 430 (9th Cir. 1994); Davidson v. Sullivan, 942 F.2d 90, 91-96 (1st Cir. 1991); Shabazz v. Bowen, 912 F.2d 532 (2d Cir. 1990); Grant v. Weinberger, 482 F.2d 1290 (6th Cir. 1973). Plaintiff's only support for her position is Lemire v. Secretary, 682 F. Supp. 102 (D.N.H. 1988), and that case was overruled by the First Circuit in Davidson, a case which referred to the Delaware workers' compensation scheme and which was cited with approval by the Third Circuit in Krysztoforski.

In sum, the Court concludes that the Commissioner's decision is neither arbitrary nor capricious, and therefore, Plaintiff is not entitled to reversal of the Commissioner's decision. The Commissioner's decision is supported by the prevailing view of several Courts of Appeals and is consistent with the Delaware Supreme Court's interpretation of the State's workers' compensation laws. Accordingly, the Court has affirmed the decision of the Commissioner offsetting Plaintiff's disability

6

benefits in light of her payments received under workers' compensation.

## CONCLUSION

For the reasons discussed, Defendant's Cross-Motion For Summary Judgment has been granted, and Plaintiff's Motion For Summary Judgment has been denied. The decision of the Commissioner dated July 1, 2004 has been affirmed.

An appropriate Order has been entered.

7